## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | | |
| STANDLEY ENTERPRISES, INC. | ) | Case No. | 19-30439-btfl1 |
| | ) | | |
| | ) | | |
| Debtor. | ) | | |
| | ) | | |
| STANDLEY ENTERPRISES, INC | ) | | |
| | ) | Adv. Proc. No. | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| SHIFT CAPITAL INCOME FUND LP | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

## COMPLAINT

COMES NOW Standley Enterprises, Inc., and for its Complaint states and alleges as follows:

## Introduction

1. In this Complaint, Standley Enterprises, Inc. ("SEI") seeks a judgment of this Court avoiding its grant of a lien in SEI's mill at 2003 S. Highway KK in Lamar, Missouri to Shift Capital Income Fund LP ("Shift").  SEI seeks to avoid this lien because it got nothing in exchange for granting this lien; the grant of the lien rendered SEI insolvent; the grant of this lien left SEI with unreasonably small capital for its business and transactions; and the lien was granted for the benefit of an insider.

## Parties

2.  The plaintiff, SEI, is a Missouri corporation which filed for bankruptcy protection in this Court on August 15, 2019.  SEI continues to operate as a debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

3.  The defendant, Shift Capital Income Fund, LP, is a Texas limited partnership  is a Texas limited partnership, whose principal place of business is 2802 Flintrock Track, Suite 373, Austin, Texas 78738.

## Jurisdiction and Venue

4.  This Court has jurisdiction over this adversary proceeding pursuant to Sections 157(a) and 1334(a) of Title 28 of the United States Code because it relates to the Chapter 11 case of SEI debtors administered in this Court under case number 19-30439.  The claims seeking to avoid and recover fraudulent transfers and seeking equitable relief in this adversary proceeding are core matters pursuant to Sections 157(b)(2)(E),(H), and (O) of Title 28 of the United States Code.

5.  This Court has personal jurisdiction over the defendant because the defendant received a deed of trust in SEI's real property located in Lamar, Missouri.

6.  Venue of this adversary proceeding is proper in this district pursuant to Section 1409(a) of Title 28 of the United States Code.

7.  This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## General Allegations

8.  SEI is a Missouri corporation formed in 1994.

9.  SEI has two shareholders: Steven and Christine Standley, who hold 100% of SEI's shares as tenants by the entirety.

10. SEI's business is creating milled products from sawdust.

11. SEI creates its milled products in its mill, whose common address is 2003 S. Highway KK in Lamar, Missouri (the "Mill").

12. SEI requires its Mill in order to create its milled products and operate.

13. SEI owns the Mill and has owned the Mill since before the year 2018.

14. The Mill is worth approximately $2,970,000 and was worth approximately this amount on May 1, 2018.

15. Steven Standley is an insider of SEI.

16. Steven Standley is the sole shareholder of 100% of the shares of Standley Plastics, Inc.

17. Standley Plastics, Inc. ("SPI") is a Missouri corporation which was formed in 2013.

18. SPI's business is creating a film using the wastes from animal rendering plants.

19. Over the past several years, SPI, has spent a great deal of money developing this process and creating a facility to embody this process.

20. SPI's business is entirely distinct form SEI's.

21. SPI is an insider of SEI.

22. On or about May 1, 2018 SPI borrowed $2,400,000 from Shift the ("Shift Loan")

23. On or about May 1, 2018, SEI granted Shift a deed of trust (the "Deed of Trust"), securing debt in a principal amount up to $2,400,000 in the Mill to secure repayment of the Shift Loan.

24. A copy of the Deed of Trust is attached as Exhibit A and incorporated herein by reference.

25. SEI received nothing in exchange for granting Shift the Deed of Trust in the Mill.

26. The Deed of Trust was filed with the Barton County, Missouri Recorder of Deeds on May 9, 2018.

27. Shift has a perfected lien in the Mill, securing debts in a principal amount of $2,400,000.

**Count One Avoidance of Fraudulent Transfer 11 USC 548**

28. The plaintiff restates all prior allegations as if fully set forth herein.

29. SEI transferred a lien in the Mill to Shift via the Deed of Trust on May 1, 2018.

30. SEI grant of a lien in the Mill to Shift was a transfer of an interest in SEI's property to Shift.

31. Shift's lien in the Mill was perfected with the filing of the Deed of Trust with the Barton County, Missouri Recorder of Deeds on May 9, 2018.

32. SEI's transfer of a perfected lien in the Mill to Shift occurred within two years of the commencement of SEI's bankruptcy case.

33. SEI received no value in exchange for the transfer of a perfected lien in the Mill to Shift.

34. The grant of the lien in the Mill to Shift rendered SEI insolvent

35. The grant of the lien in the Mill to Shift left SEI with unreasonably small capital to conduct its business and service its debts.

36. The grant of the lien in the Mill to Shift was made for the benefit of an insider, Standley Plastics, Inc.

37. The grant of the lien in the Mill to Shift was made for the benefit of an insider, Steven Standley.

4

WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for it and against the defendant Shift Capital Income Fund LP (i) avoiding the perfected lien granted by the Deed of Trust to Shift Capital Income Fund LP and preserving it for the benefit of the plaintiff's bankruptcy estate and (ii) granting such other and further relief as the Court deems just and equitable.

## Count Two Avoidance of Fraudulent Transfer State Law

38. The plaintiff restates all prior allegations as if fully set forth herein.

39. SEI transferred a lien in the Mill to Shift via the Deed of Trust on May 1, 2018.

40. SEI grant of a lien in the Mill to Shift was a transfer of an interest in SEI's property to Shift.

41. Shift's lien in the Mill was perfected with the filing of the Deed of Trust with the Barton County, Missouri Recorder of Deeds on May 9, 2018.

42. SEI's transfer of a perfected lien in the Mill to Shift occurred within two years of the commencement of SEI's bankruptcy case.

43. SEI received no value in exchange for the transfer of a perfected lien in the Mill to Shift.

44. The grant of the lien in the Mill to Shift rendered SEI insolvent

45. The grant of the lien in the Mill to Shift left SEI with unreasonably small assets to conduct its business and service its debts.

WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for it and against the defendant Shift Capital Income Fund LP (i) avoiding the perfected lien granted by the Deed of Trust to Shift Capital Income Fund LP and preserving that lien for the

debtor's bankruptcy estate and (ii) granting such other and further relief as the Court deems

just and equitable.

### Count Three Recovery of Avoided Transfer

46. The plaintiff restates all prior allegations as if fully set forth herein.

47. SEI's grant of a lien in the Mill via the Deed of Trust is an avoidable transfer pursuant to

state law and 11 USC sec. 548 and state law.

48. Shift Capital Income Fund LP is the initial transferee of the transfer of a lien in the Mill

49. SEI is entitled to recover from Shift its perfected lien in the Mill

WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for it and

against the defendant Shift Capital Income Fund LP (i) avoiding the perfected lien granted

by the Deed of Trust to Shift Capital Income Fund LP and vesting the lien in SEI; (ii)

alternatively entering a judgment for the plaintiff and against Shift Capital Income Fund LP

for the value of the perfected lien granted by the Deed of Trust to Shift Capital Income

Fund LP and (ii) granting such other and further relief as the Court deems just and equitable.

### Count Four Turnover of Transfer

50. The plaintiff restates all prior allegations as if fully set forth herein.

51. Alternatively, Shift is in possession of a lien in the Mill via the Deed of Trust.

52. Shift is an entity.

53. The lien in the Mill granted in the Deed of Trust is the property of SEI's bankruptcy estate.

54. The lien in the Mill granted in the Deed of Trust is property that may be used, sold, or leased

6

pursuant to section 363 of the Bankruptcy Code.

55. Shift's interest in the lien in the Mill is adequately protected.


WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for it and

against the defendant Shift Capital Income Fund LP (i) vesting in SEI the perfected lien

granted by the Deed of Trust to Shift Capital Income Fund LP; and (ii) granting such other

and further relief as the Court deems just and equitable.

Respectfully submitted,

**MERRICK, BAKER & STRAUSS, P.C.**

**By:** /s/ Victor F Weber
**BRUCE E. STRAUSS**         **MO#26323**
**VICTOR F. WEBER**          **MO#57361**
**1044 Main Street**
**Suite 400**
**Kansas City, MO 64105**
**victor@merrickbakerstrauss.com**
**Telephone:**    **(816) 221-8855**
**Facsimile:**    **(816) 221-7886**